[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The defendants in this foreclosure action have filed an answer to the plaintiff's amended complaint in which they have asserted defenses of fraud in the inducement, unconscionability, unclean hands, tortious interference with a contract to sell or refinance the mortgaged property, and breach of the implied covenant of good faith and fair dealing, as well as counterclaims in which they seek damages as well as equitable relief based on grounds similar to those raised in their special defenses. The plaintiff has moved for summary judgment on his amended complaint and the defendants' special defenses and counterclaims on the ground that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500. A material fact is simply a fact which will make a difference in the result of the case; Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 167; and the court, in making its determination, must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246-47.
A motion for summary judgment cannot be used by a plaintiff to attack special defenses, even where no genuine issue as to any material fact exists as to such defenses, because under § 379 of the Practice Book the rules governing summary judgment are "only applicable to counterclaims and cross complaints . . .". H.R.Hillery Co. v. Crystal Mall Associates, 2 CSCR 324 (February 11, 1987, Koletsky, J.) It is only where the plaintiff seeks summary judgment on his own complaint rather than against the defendant on one or more special defenses asserted in the answer that the court may properly consider the motion on its merits. See Centerbank v.Silvermine Land Investment Corp. , 8 Conn. L. Rptr. 61, 62 (December 16, 1992, Lewis, J.)
It should be noted that the plaintiff, at pages 15 and 16 of CT Page 8292 his brief, expressly states that he is entitled to summary judgment as to the first special defense alleging fraud because "there is no material issue as to any fact alleged [therein] and accordingly Plaintiff is entitled to summary judgment that such Special Defense is invalid." The plaintiff also asserts in his brief (page 16) that the defendants' "claim of substantive unconscionability [as alleged in their second special defense] is ineffective as a matter of law, [that the] doctrine of unclean hands is not a valid defense to a mortgage foreclosure action," and that the plaintiff is therefore "entitled" to judgment as to the second and third special defenses.
The plaintiff also argues that insofar as the first and third special defenses allege that the plaintiff tortiously interfered with a contract to sell or refinance the mortgaged property or "reneged on a promise to convert a loan evidenced by a construction mortgage note into a conventional mortgage note including additional funding", they are not valid defenses to this action and that he is therefore "entitled to judgment" as to those defenses as a matter of law. Id. at 17. This court concurs with the court's conclusion in Crystal Mall Associates, supra, that our summary judgment rules do not allow the entry of judgment against the defendants on their special defenses as such, and accordingly, the motion is denied as to those defenses.
The plaintiff's brief in support of his motion as it relates to the six counts of the defendants' counterclaim acknowledges (page 5) that only "certain" counts of the counterclaim are "not recognized" in a mortgage foreclosure action and offers merely conclusory statements that he is entitled to judgment as a matter of law, that all the allegations contained therein "are false, and that there is no genuine issue as to their falsity" and that he is therefore entitled to summary judgment. The only citations in support of his claims are two trial court opinions in support of the proposition that a single transaction involving a simple breach of contract does not constitute a CUTPA violation.
Section 204 of the Practice Book requires that a memorandum of law "outlining the claims of law and authority pertinent thereto" be filed by the movant in support of any motion for summary judgment and if a legal issue is sufficiently important to warrant the filing of such a motion, the moving party has the burden of persuading the court by citation of authorities as well as by cogent argument. Rivera v. Pat's Medical Pharmacy, Inc., 3 CSCR 710
(August 2, 1988, Hammer, J.) Moreover, this court has also held CT Page 8293 that "because foreclosure is equitable, courts have recognized that flexibility is required in certain situations", and that at least one appellate court decision has "accepted as legitimate the defense of CUTPA to foreclosure action." Hans L. Levi, Inc. v.Kovacs, 5 Conn. L. Rptr. 260 (November 4, 1991, Pickett, J.); see also Normand Joseph Enterprises, Inc. v. Connecticut National Bank,230 Conn. 486, 521 (Banks not exempt from CUTPA's regulation of unfair trade practices).
In addition to the CUTPA claim, the defendants have alleged that the plaintiff interfered with the defendants' attempts to refinance the mortgage obligation, a cause of action which may properly be asserted in a counterclaim, if not byway of a special defense. Lafayette Bank Trust Co. v. D'Addario, 10 Conn. L. Rptr 224 (October 7, 1993, Maiocco, J.). They have also filed counteraffidavits in support of their legal and equitable claims which raise genuine issues of material fact as to matters which can only be resolved by the trier of fact.
In determining whether such issues exist, it is not the proper function of the court, as stated by counsel, to find that the defendants' factual claims "are false and that there is no genuine issue as to their falsity." On the contrary, the court, in deciding a motion for summary judgment, must view the evidence in the light most favorable to the nonmoving party and must resist any inclination on its part to resolve issues of credibility which are exclusively the province of the trier of fact at the time of trial.Sharp v. Wyatt, 31 Conn. App. 824, 837.
For the foregoing reasons, the plaintiff's motion for summary judgment is denied.
Hammer, J.